IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE L. ADAMS, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:20-CV-1954-X-BK |
| § | |
| DALLAS POLICE DEPARTMENT, § | |
| DEFENDANT. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons stated herein, this action should be summarily **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On July 22, 2020, Plaintiff Lawrence Adams, a resident of Georgia and former Texas state prisoner, filed this *pro se* action seeking to expunge the state criminal record related to his 1999 conviction in Dallas County Case No. F98-48043 for aggravated sexual assault of a child. Doc. 3 at 1. Adams does not specify a cause of action but challenges the validity of his state conviction, reiterating claims that were previously addressed and rejected in his successive habeas petitions, to wit: that the trial judge and the prosecutor were not properly qualified under state law and that his conviction was the result of a wrongful arrest and a coerced confession. Doc. 3 at 1-2. *See Adams v. Dretke*, 3:04-CV-2469-N, 2004 WL 2866940, at *1 (N.D. Tex. Dec. 13, 2004), *R. & R. adopted*, 2005 WL 27156 (N.D. Tex. Jan. 4, 2005) (dismissing successive petition, which challenged the trial judge's and prosecutor's qualifications and licenses and

claimed his conviction was based on a wrongful arrest and a coerced confession); *In re Adams*, No. 04-11521 (5th Cir. Feb. 1, 2005) (denying leave to file successive habeas petition that raised the same claims); *Adams v. Quarterman*, No. 3:07-CV-2026-P, 2008 WL 648924 (N.D. Tex. 2008) (dismissing successive habeas petition raising similar claims, imposing sanction warning, and summarizing prior three-strikes bar).

Adams concedes he has fully served his state sentence. He avers, "I would like to get my life back as well as getting my named cleared; my record expunged, and window closed on this case." Doc. 3 at 1. Upon review, however, Adams' complaint lacks any legal basis and should be dismissed for failure to state a claim.

## II. ANALYSIS

Because Adam did not pay the filing fee or file a motion for leave to proceed *in forma pauperis*, the Court presumes he seeks leave to proceed *in forma pauperis*. As such, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

2

stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Adams' claims fail.

Insofar as Adams seeks relief under 42 U.S.C. § 1983, his claims imply the invalidity of his conviction and are barred unless the conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87(1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (extending *Heck* doctrine to claims for declaratory and injunctive relief). But even if the request to expunge his state criminal record is not barred by *Heck*, relief is unavailable under Section 1983 because expungement of state records is not a federal constitutional right. *See Ellingberg v. Johnson,* 3:00-CV-235-D, 2000 WL 34241108, *3 (N.D. Tex. April 28, 2000) (citing *Eutzy v. Tesar,* 880 F.2d 1010, 1011 (8th Cir.1989) (quoting *Duke v. White,* 616 F.2d 955, 956 (6th Cir.1980))), *R. & R. adopted*, 2000 WL 34241110 (N.D. Tex. May 18, 2000).

Further, lower federal courts may not order expunction of public records or order that a state conviction be expunged absent some "special circumstance." *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978), *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Adams has alleged no special circumstance that would warrant expungement of his state records. Thus, Adams has failed to state a plausible claim for relief.

### III.   LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'"

*Id.* For the reasons outlined here, Adams' claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on August 3, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).